THE STATE OF OHIO, APPELLEE, *v.* SARKOZY, APPELLANT.

[Cite as *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509.]

(No. 2006–1973—Submitted October 16, 2007—Decided February 14, 2008.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} Today this court must determine the effect of the failure of a trial court during a plea colloquy to advise a defendant that his sentence includes a mandatory term of postrelease control. Because we hold that a defendant in these circumstances may challenge whether the plea was knowing, intelligent, and voluntary either by filing a motion to withdraw the plea or upon direct appeal, we vacate the judgment of the court of appeals and remand the cause.

## II. Facts

{¶ 2} On February 8, 2005, Michael Sarkozy, defendant-appellant, was indicted on ten counts, including one count of attempted murder, two counts of aggravated burglary, two counts of aggravated robbery, two counts of kidnapping, and two counts of felonious assault. Each of these counts also included one- and three-year firearm specifications, a notice of prior conviction, and a repeat-violent-offender specification. Sarkozy was also indicted on one count of having a weapon while under a disability.

{¶ 3} After initially entering a plea of not guilty, Sarkozy withdrew his not-guilty plea and on May 25, 2005, entered a plea of guilty to one count of attempted murder with all specifications, one count of aggravated robbery, and one count of kidnapping. All remaining counts of the indictment were nolled pursuant to the plea agreement.

{¶ 4} At the time of the plea, the trial court advised Sarkozy of the prison terms related to the offenses to which he was pleading guilty. The trial court did not inform Sarkozy that postrelease control would be part of the sentence imposed, the length of postrelease control, or the consequences of violating postrelease control. Sarkozy was referred for a presentence investigation and report.

{¶ 5} Prior to sentencing, Sarkozy made a pro se oral motion to withdraw his guilty plea pursuant to Crim.R. 32.1, challenging his attorney's performance. At the sentencing hearing, Sarkozy argued his motion. The trial court denied the motion and sentenced Sarkozy to 27 years' imprisonment with a mandatory term of five years of postrelease control.

{¶ 6} On appeal to the Cuyahoga County Court of Appeals, Sarkozy argued in part that his plea was invalid because the trial court failed to advise him that postrelease control would be a part of his sentence. A divided court of appeals affirmed the convictions but remanded the cause for resentencing in light of this court's intervening decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Sarkozy sought reconsideration and certification of a conflict in the court of appeals but was denied both. The cause is now before this court pursuant to the acceptance of a discretionary appeal.

### III. Analysis

{¶ 7} This court has held that "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle* (1996), 74 Ohio St.3d 525, 527, 660 N.E.2d 450.

{¶ 8} Crim.R. 11 governs the process of entering a plea. Of particular relevance to this case is Crim.R. 11(C), which provides:

{¶ 9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 10} "(a) Determining that the defendant is making the plea voluntarily, *with understanding of the nature of the charges and of the maximum penalty involved,* and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." (Emphasis added.)

{¶ 11} Because Sarkozy was pleading guilty to three first-degree felony offenses, a five-year term of postrelease control was a mandatory element of his sentence pursuant to R.C. 2929.14(F)(1) and 2967.28. However, the trial court did not inform Sarkozy that it would impose any postrelease control before accepting his guilty plea. Both Sarkozy and the state agree that the trial court's acceptance of Sarkozy's guilty plea without advising him of postrelease control was an error, but they disagree as to the effect of that omission.

{¶ 12} Sarkozy argues that because he was not advised of postrelease control before he entered his plea, the trial court did not determine that he was entering his guilty plea voluntarily, with an understanding of the nature of the charges and of the maximum penalty involved, as required by Crim.R. 11.

{¶ 13} Sarkozy correctly notes that there are substantial differences between the previous system of parole and the current system of postrelease control. "Under the prior system of parole, a sentencing judge, imposing an indefinite sentence with the possibility of parole, had limited power or authority to control the minimum time to be served before the offender's release on parole; the judge could control the maximum length of the prison sentence, but the judge had no power over when parole might be granted in between those parameters. The judge had no power to control the conditions of parole or the length of the parole supervision.

{¶ 14} "Under the current system of post-release control, the judge sentences the offender from the options available under the new sentencing scheme and informs the offender that he or she may be subject to a definite period of post-

release control * * * and that a violation of those conditions would result in additional time up to fifty percent of the original sentence." (Footnote omitted.) *Woods v. Telb* (2000), 89 Ohio St.3d 504, 511, 733 N.E.2d 1103.

{¶ 15} When Sarkozy pleaded guilty, he was not advised that he was subject to a mandatory five-year term of postrelease control pursuant to R.C. 2929.14(F)(1) and 2967.28, nor was he advised that violating postrelease control could carry further incarceration of up to 50 percent of his original prison sentence. Thus, Sarkozy argues that because he was not informed of the mandatory term of postrelease control at his plea colloquy, the violation of which could include a significant amount of additional incarceration, his plea was not entered knowingly, intelligently, or voluntarily and should be vacated.

{¶ 16} However, the state defends the plea on two grounds. First, the state argues that Sarkozy waived his right to challenge his sentence because he failed to raise the issue in his motion to withdraw his guilty plea. Second, the state argues that the trial court substantially complied with Crim.R. 11, and therefore the plea was valid. We will address each of these in turn.

## Waiver

{¶ 17} The state argues that Sarkozy did not challenge the trial court's failure to properly advise him of his mandatory postrelease control at the first available opportunity, i.e., his motion to withdraw his guilty plea, and therefore, Sarkozy has waived the right to challenge this aspect of his sentence. However, the state's argument misapplies the doctrine of waiver.

{¶ 18} A waiver is an intentional relinquishment of a known right. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 31; see also *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 105. It is "applicable to all personal rights and privileges, whether contractual, statutory, or constitutional." *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 49. Sarkozy could not have raised the trial court's failure to advise him of postrelease control in the plea colloquy until he became aware of that failure, which was not until he was advised of the postrelease control at his sentencing hearing, after he had already entered his plea. Because the trial court's failure was not known before the sentencing hearing, Sarkozy did not waive this claim by not raising it in his presentence motion to withdraw his guilty plea.

## Substantial Compliance

{¶ 19} In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, this court noted the following test for determining substantial compliance with Crim.R. 11:

{¶ 20} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]."

{¶ 21} The court of appeals concluded that the trial court substantially complied with the mandates of Crim.R. 11 when it accepted Sarkozy's plea: "The trial court directly addressed appellant and went to great lengths to ensure that he was entering his plea voluntarily, that he was informed of the maximum penalty involved, that he was informed of and understood the effect of the guilty plea, and that he was aware of his right to a jury trial. Although the trial court did not specifically mention the terms of post-release control at the plea hearing, under the totality of the circumstances, it is clear that appellant subjectively understood the implications of his plea and the rights he was waiving." *State v. Sarkozy,* Cuyahoga App. 86952, 2006-Ohio-3977, 2006 WL 2192044, ¶ 46.

{¶ 22} We disagree with the court of appeals' finding of substantial compliance with Crim.R. 11. Rather, we find that there was no compliance with Crim.R. 11. The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether postrelease control was mandatory or discretionary. Rather, the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a). A complete failure to comply with the rule does not implicate an analysis of prejudice.

{¶ 23} The state also argues that this court's decision in *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, dictates that the trial court's omission of any mention of postrelease control does not invalidate a sentence and thus cannot invalidate a plea. In *Watkins,* however, the trial judge did mention postrelease control, whereas here, the trial judge made no mention of postrelease control during the plea colloquy. In cases such as *Watkins,* some compliance prompts a substantial-compliance analysis and the corresponding "prejudice" analysis.

{¶ 24} The state contends that postrelease-control notifications should simply put a reasonable person on notice that his or her liberty can be restrained after incarceration. However, restraints such as terms of community control are far

less severe than the restraint faced by a defendant who violates the terms of postrelease control and may be incarcerated for up to 50 percent of the original sentence. We conclude that no reasonable person in Sarkozy's position would have been put on notice of this restraint on his or her liberty, because the trial court failed to inform of the consequences of his plea.

{¶ 25} After reviewing the totality of the circumstances, Sarkozy could not have subjectively understood that postrelease control was part of his sentence when the trial court failed to advise him of postrelease control and its ramifications during the plea colloquy. Accordingly, we hold that if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause.

{¶ 26} Sarkozy's plea could not have been knowingly and intelligently given because the trial court failed to advise him at the plea hearing that postrelease control would be part of his sentence. Because Sarkozy established that the trial court failed during the plea colloquy to advise him that the sentence included a mandatory term of postrelease control, we vacate Sarkozy's plea and remand the cause.

> Judgment reversed
> and cause remanded.

MOYER, C.J., and PFEIFER, O'CONNOR, and O'DONNELL, JJ., concur.

LANZINGER and CUPP, JJ., concur in part and dissent in part.

---

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 27} Because notification of mandatory postrelease control is required when a defendant is advised of the maximum penalty, I concur with the statement in the first paragraph of the syllabus that a "defendant may dispute the knowing, intelligent, and voluntary nature of [a] plea either by filing a motion to withdraw the plea or upon direct appeal."

{¶ 28} I dissent, however, from the conclusion that a failure to notify a defendant about postrelease control during the taking of a plea is a "complete failure to comply with the rule" that does not require an analysis of prejudice and that requires an automatic vacation of the plea. A defendant who challenges a guilty plea on the basis that it was not knowingly, intelligently, and voluntarily

made must also show a prejudicial effect. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶ 29} In determining whether prejudice exists, we have stated that "[t]he test is whether the plea would have otherwise been made." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163. If the defendant fails to demonstrate prejudice, the plea stands. See Crim.R. 52(A) (as construed by *Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474, and *Stewart,* 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163).

{¶ 30} I would reverse the judgment of the court of appeals and remand to the trial court to determine whether Sarkozy has met his burden of showing that he was prejudiced by the failure to notify him of postrelease control at the time he entered his guilty plea. Therefore, I respectfully concur in part and dissent with respect to paragraph two of the syllabus.

CUPP, J., concurs in the foregoing opinion.

───────────────

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski and Lisa R. Williamson, Assistant Prosecuting Attorneys, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.