OPINION *Page 2 
{¶ 1} On August 18, 2006, the Morgan County Grand Jury indicted appellant, Trevor Mayle, on one count of grand theft of a motor vehicle in violation of R.C. 2913.02, one count of burglary in violation of R.C. 2911.12, and one count of theft of a credit card in violation of R.C. 2913.02. On October 27, 2006, an amended indictment was filed adding one count of kidnapping in violation of R.C. 2905.01.
 {¶ 2} On February 7, 2007, the kidnapping count was reduced to abduction and appellant pled guilty as charged. By sentencing entry filed April 13, 2007, the trial court sentenced appellant to an aggregate term of five years in prison. Pursuant to the plea agreement, the state had agreed to recommend community control with appellant participating in the SEPTA Program, but appellant never completed a SEPTA evaluation as required. Therefore, appellant was given a prison sentence.
 {¶ 3} On May 9, 2007, appellant filed an appeal on speedy trial issues. This court affirmed appellant's case. See, State v. Mayle, Morgan App. No. CA 07-3, 2008-Ohio-286. On February 21, 2008, appellant filed an application for reopening pursuant to App. R. 26(B) on the issue of failure to be advised of postrelease control. By judgment entry filed May 8, 2008, this court granted the application and reopened the case. This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED WHEN IT DID NOT MAKE CERTAIN THE GUILTY PLEAS TAKEN FROM APPELLANT WERE DONE ON A KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MANNER IN THAT THE TRIAL COURT DID *Page 3 
NOT ADVISE APPELLANT THAT HE MAY BE PLACED UPON POST RELEASE CONTROL BY THE ADULT PAROLE BOARD OR THE CONSEQUENCES FOR A VIOLATION OF POST RELEASE CONTROL."
 I {¶ 5} Appellant claims his guilty plea was defective because he was not informed of postrelease control and the consequences of violating postrelease control. We agree.
 {¶ 6} Appellant argues his plea was not knowingly and intelligently made because was unaware "that his liberty may be restrained once released from incarceration." Appellant's Brief at 3. In its brief at 8, appellee concedes the trial court failed to advise appellant of postrelease control and its consequences during the sentencing hearing. A review of both the plea transcript and the sentencing transcript reveals the trial court never mentioned postrelease control.
 {¶ 7} As part of the plea agreement, the state had agreed to recommend community control with appellant participating in the SEPTA Program, but appellant never completed a SEPTA evaluation as required and was therefore determined to be ineligible. February 7, 2007 T. at 3-4, 16; April 12, 2007 T. at 11.
 {¶ 8} Despite this unfulfilled requirement, we find in State v.Sarkozy, 117 Ohio St.3d 86, 2008-Ohio-509, the Supreme Court of Ohio has clearly spoken on the validity of a plea that does not include any information on postrelease control. The Sarkozy court found the following at ¶ 22:
 {¶ 9} "The trial court did not merely misinform Sarkozy about the length of his term of postrelease control. Nor did the court merely misinform him as to whether *Page 4 
postrelease control was mandatory or discretionary. Rather the court failed to mention postrelease control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of postrelease control, which was a part of the maximum penalty, the court did not meet the requirements of Crim. R. 11(C)(2)(a). A complete failure to comply with the rule does not implicate an analysis of prejudice."
 {¶ 10} The Sarkozy court concluded the following at ¶ 25:
 {¶ 11} "After reviewing the totality of the circumstances, Sarkozy could not have subjectively understood that postrelease control was part of his sentence when the trial court failed to advise him of postrelease control and its ramifications during the plea colloquy. Accordingly, we hold that if a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim. R. 11, and the reviewing court must vacate the plea and remand the cause."
 {¶ 12} Based upon the foregoing, appellant's plea is vacated and the matter is remanded to the trial court for further proceedings.
 {¶ 13} The sole assignment of error is granted. *Page 5 
 {¶ 14} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby reversed and the matter is remanded.
Farmer, P.J., Gwin, J., and Wise, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee. *Page 1