[Cite as *State v. Green*, 2011-Ohio-1636.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. | |
| | : | Hon. Juilie A. Edwards, J. | |
| -vs- | : | | |
| | : | | |
| MARCUS A. GREEN | : | Case No. 2010CA00198 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Case No. 2000CR0890(A)


JUDGMENT:                       Affirmed/Reversed in Part & Remanded


DATE OF JUDGMENT ENTRY:         March 31, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       MARCUS A. GREEN, PRO SE
Prosecuting Attorney                  Inmate No. A397-368
                                      Grafton Correctional Institution
RONALD MARK CALDWELL                  2500 South Avon Beldon Road
Assistant Prosecuting Attorney        Grafton, OH  44044
110 Central Plaza South
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1}   On September 1, 2000, the Stark County Grand Jury indicted appellant, Marcus Green, on one count of murder with a firearm specification in violation of R.C. 2903.02 and R.C. 2941.145, and one count of tampering with evidence in violation of R.C. 2921.12.  Thereafter, the murder count was reduced to involuntary manslaughter in violation of R.C. 2903.04.

{¶2}   On November 3, 2000, appellant pled guilty to both counts.  By judgment entry filed November 8, 2000, the trial court sentenced appellant to a total term of seventeen years in prison.

{¶3}   On June 16, 2010, appellant filed a motion to withdraw his guilty pleas and a motion to correct a void sentence and request for resentencing based upon a defect in the imposition of postrelease control.  By judgment entries filed July 6, 2010, the trial court denied both motions.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED BY DISMISSING DEFENDANT-APPELLANT'S MOTION TO CORRECT A VOID SENTENCE AND REQUEST FOR RESENTENCING, WHERE THE TRIAL COURT INCORRECTLY STATED, AT DEFENDANT-APPELLANT'S CHANGE OF PLEA AND SENTENCING HEARING AND RECORDED IN THE JUDGMENT ENTRY THAT POST-RELEASE CONTROL WAS A DISCRETIONARY PERIOD OF UP TO A MAXIMUM OF 5 YEARS CONTRARY TO THE PROVISIONS OF R.C. 2967.28."

II

{¶6} "THE TRIAL COURT ERRED IN DISMISSING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHERE THE NEGOTIATED PLEA AGREEMENT WAS RENDERED NULL AND VOID, AS THE AGREED SENTENCE AS STATED IN THE NEGOTIATED PLEA AGREEMENT TERMS AND CONDITIONS WAS UNAUTHORIZED BY LAW AND THE SENTENCE IMPOSED BY THE TRIAL COURT WAS OUTSIDE OF THE TERMS AND CONDITIONS, AS WELL AS BEING UNAUTHORIZED BY LAW, IN ITSELF.  THE PLEA AGREEMENT WOULD BE UNENFORCEABLE AND IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS OF DUE PROCESS AND EQUAL PROTECTION UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

I

{¶7} Appellant claims the trial court erred in denying his motion to correct a void sentence and request for resentencing.  We agree.

{¶8} "In 1996, the General Assembly imposed a duty on trial courts to notify an offender at the sentencing hearing of the imposition of postrelease control and of the authority of the parole board to impose a prison term for a violation; the General Assembly also required that a court include any postrelease-control sanctions in its sentencing entry.  See former R.C. 2929.14(F) and former R.C. 2929.19(B)(3)(b) through (d) and (B)(4), Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7470, 7486-7487." *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, ¶22.

{¶9} The *Singleton* court at paragraph one of the syllabus held, "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose

postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio." Appellant sub judice was sentenced on November 8, 2000.

{¶10} In his motion to correct a void sentence and request for resentencing filed June 16, 2010, appellant argued during his sentencing, the trial court erred in imposing postrelease control because he was informed postrelease control was mandatory "up to a maximum of 5 years" when in fact five years was the mandatory time:

{¶11} "The trial court in defendant's sentencing entry only journalized the post release control period for 'maybe the Maximum term of five years.' (sic) on page (2) of the sentencing entry. As required by R.C. 2967.28 the period for a first degree felony is the maximum of five mandatory years, the notice given by the trial court indicates that defendant can and would be given post release control by the parole board for any period of 1, 2, 3 or 5 years of post release control which is contrary to law and therefore void in this case."

{¶12} In the trial court's judgment entry on sentencing filed November 8, 2000, postrelease control was imposed as follows:

{¶13} "The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of 5 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."

{¶14} Attached to this judgment entry is appellant's plea of guilty which is signed by appellant and includes the following language:

{¶15} "I have been advised by my attorney and the court that in addition to my sentence, a period of control or supervision by the Adult Parole Authority after my release from prison is **mandatory** in this case. The control period may be a maximum term of **five** years. A violation of any post-release control rule or condition can result in a more restrictive sanction while released, an increased duration of supervision or control, up to the maximum set out above and/or re-imprisonment even though I have served the entire stated prison sentence imposed upon me by this court for all offenses set out above. Re-imprisonment can be imposed in segments of up to 9 months but cannot exceed a maximum of ½ of the total term imposed for all of the offenses set out above. If I commit another felony while subject to this period of control or supervision I may be subject to an additional prison term consisting of the maximum period of unserved time remaining on post release control as set out above or 12 months whichever is greater. This prison term must be served consecutively to any term imposed for the new felony I am convicted of committing."

{¶16} There is no doubt that appellant was notified of mandatory postrelease control and assented to it. However, appellant argues his sentence is void because he was not informed that the mandatory term was five years as opposed to "up to" five years. R.C. 2967.28(B)(1). We agree with appellant's argument. The trial court failed to satisfy "our existing precedent - that it notify the offender of the mandatory nature of the term of postrelease control and the length of that mandatory term and incorporate that notification into its entry." *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462,

¶69.[1] As such, appellant's sentence is void.  See, *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085; *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250; *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197.

{¶17}  Upon review, we find the trial court erred in denying appellant's motion to correct a void sentence and request for resentencing.  Appellant is entitled to a de novo sentencing hearing as mandated in *Singleton,* supra.  We note the new sentencing hearing "is limited to proper imposition of postrelease control."  *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus.

{¶18}  Assignment of Error I is granted.

II

{¶19}  Appellant claims the trial court erred in denying his Crim.R. 32.1 motion to withdraw his guilty plea as postrelease control was not included in the plea agreement. We disagree.

{¶20}  Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard.  *State v. Smith* (1977), 49 Ohio St.2d 261.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

---

[1]We note in *State v. Miller*, Stark App. No. 2010CA00175, 2010-Ohio-6001, this court, on nearly identical facts, found such an error to be harmless.

{¶21}  Although appellant now argues the plea agreement omitted any reference to postrelease control (Appellant's Brief at 9-12), in his motion to withdraw guilty plea filed June 16, 2010, appellant argued he was prejudiced because he was not properly informed of postrelease control:

{¶22}  "In the instant case, the defendant's plea agreement (at pg. 2) states that 'the control period <u>may</u> be a maximum of five years.'  (emphasis added).  This notification in the agreed upon sentence constitutes a notification of a discretionary period of post release control for a period of 1, 2, 3, or 5, years of supervised released by the parole authority after defendant's release from incarceration.

{¶23}  "In fact, R.C. 2967.28 (B)(1) requires that for a first degree felony the term of post release control is for a period of mandatory five years, thus, the agreed upon sentence did not comply with the maximum penalty component of Crim. Rule 11 (C)(2)(a) and R.C. 2967.28 (B)(1).  See **State v. Cleveland**, (9[th] dist.) 2008-Ohio-1319.

{¶24}  "***

{¶25}  "When defendant's agreed upon sentence only informed him of a discretionary period of post release control, it failed to comply with the mandates of Crim. Rule 11 (C)(2)(a) and R.C. 2967.28 (B)(1).  Thus, the defendant did not enter his plea knowingly, intelligently or voluntarily, because he was not fully informed of the maximum penalty involved in his case, before he pleaded guilty to the amended charges."

{¶26}  In *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶30-32, the Supreme Court of Ohio explained the following:

{¶27} "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.

{¶28} "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.' *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12; see also *Nero,* 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin,* 395 U.S. at 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. Id. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶29} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶23. The test for prejudice is 'whether the

plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart,* id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. See *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' Id. at ¶22."

{¶30} As cited under Assignment of Error I, postrelease control language was included in the plea agreement, albeit incorrectly. We note a transcript of the November 3, 2000 plea/sentencing hearing was not provided for our review.

{¶31} Appellant has not demonstrated that but for the trial court's error, he would not have entered the guilty plea and gone to trial instead. Appellant has not shown "a prejudicial effect." We do not find a manifest injustice mandating a withdrawal of appellant's guilty plea.

{¶32} Upon review, we find the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea.

{¶33} Assignment of Error II is denied.

{¶34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Edwards, J. concur.


_s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES

SGF/sg 203

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARCUS A. GREEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00198 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.  Costs to be divided equally between the parties.


s/ Sheila G. Farmer_____


_s/ W. Scott Gwin_____


_s/ Julie A. Edwards_____

JUDGES