[Cite as *State v. Cartwright*, 2011-Ohio-4424.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11CA000001 |
| WILLIAM P. CARTWRIGHT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Knox County Court of
                                  Common Pleas, Case No. 07CR08-0116



JUDGMENT:                         AFFIRMED IN PART; REVERSED AND
                                  REMANDED IN PART



DATE OF JUDGMENT ENTRY:           August 29, 2011



APPEARANCES:

For Appellant:                         For Appellee:

MARK A. ZANGHI                         JOHN C. THATCHER
One Public Square                      KNOX COUNTY PROSECUTOR
Mount Vernon, OH 43050
                                       CHARLES T. MCCONVILLE
                                       117 E. High St., Suite 234
                                       Mount Vernon, OH 43050


*Delaney, J.*

{¶1} Defendant-Appellant William P. Cartwright appeals the June 18, 2008 sentencing entry and the January 3, 2011 denial of Appellant's motion to withdraw his guilty plea by the Knox County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} Appellant was indicted by the Knox County Grand Jury on September 11, 2007 on one count of Aggravated Vehicular Homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a); one count of Aggravated Vehicular Homicide, a third-degree felony in violation of R.C. 2903.06(A)(2)(a); one count of Vehicular Homicide, a first-degree misdemeanor in violation of R.C. 2903.06(A)(3)(a); one count of Vehicular Manslaughter, a second-degree misdemeanor, in violation of R.C. 2903.06(A)(4); one count of Aggravated Vehicular Assault, a third-degree felony, in violation of R.C. 2903.08(A)(1)(a); one count of Vehicular Assault, a fourth-degree felony in violation of R.C. 2903.06(A)(2)(a); one count of Driving While Intoxicated, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a); and one count of Driving While Intoxicated, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(f).

{¶3} On May 23, 2008, Appellant entered a guilty plea to Count One of the Indictment, Aggravated Vehicular Homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a), and Count Eight of the Indictment, Driving While Intoxicated, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(f). The trial court dismissed the remaining counts of the indictment upon a motion by the State.

{¶4} The trial court held a sentencing hearing on June 16, 2008. The trial court sentenced Appellant to serve a mandatory term of imprisonment of seven years for

Count One and a definite term of imprisonment of six months on Count Eight. The sentences were to be served concurrently. At the hearing, the trial court informed Appellant that he would be subject to up to five years of postrelease control. (T. 11).

{¶5} The June 18, 2008 sentencing entry incorrectly states that Appellant entered a guilty plea to "One Count of Aggravated Vehicular Homicide, in violation of Ohio Revised Code Section 2903.06(A)(1), a felony of the First Degree as contained within Count One of the Indictment * * *." The sentencing entry then states that Appellant will serve a five-year term of postrelease control.

{¶6} On November 24, 2010, Appellant filed a pro se motion to withdraw his guilty plea. The State opposed the motion. The trial court denied Appellant's motion on January 3, 2011.

{¶7} It is from these decisions Appellant now appeals. The State did not file a responsive brief.

{¶8} Appellant raises two Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A POST-RELEASE CONTROL SANCTION OF FIVE YEARS FOR A FELONY OF THE SECOND DEGREE THAT IS NOT A SEX OFFENSE.

{¶10} "II. THE APPELLANT'S GUILTY PLEAS TO COUNT ONE AND EIGHT OF THE INDICTMENT WERE NOT OFFERED KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY."

**I.**

{¶11} Appellant argues in his first Assignment of Error that the trial court erred when it imposed a mandatory five year term of postrelease control. We agree.

---

[1] A statement of the facts is unnecessary for the disposition of this appeal.

{¶12} Appellant entered a guilty plea to Count One of the indictment, Aggravated Vehicular Homicide, a second-degree felony in violation of R.C. 2903.06(A)(1)(a). Under R.C. 2967.28(B)(2), an offender sentenced to prison for a felony of the second degree that is not a felony sex offense shall be subject to post release control for three years.

{¶13} Appellant is entitled to a de novo sentencing hearing that "is limited to proper imposition of postrelease control." *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238, paragraph two of the syllabus.

{¶14} Appellant's first Assignment of Error is sustained.

**II.**

{¶15} Appellant contends in his second Assignment of Error that the trial court abused its discretion in denying his motion to withdraw his guilty plea because Appellant states he was not properly informed of his postrelease control at his plea hearing on May 23, 2008. We disagree.

{¶16} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶17} At Appellant's plea hearing, the trial court informed Appellant that he may have up to five years of post release control. As stated above, a sentence for a second-degree felony is subject to a mandatory term of three years post release control. Appellant argues that the trial court incorrectly informed him of the length of post release control and the discretionary nature of the post release control. If Appellant had known post release control was mandatory, Appellant states he would not have entered a guilty plea.

{¶18} We find these facts to be almost identical to those in *State v. Green*, 5th Dist. No. 2010CA00198, 2011-Ohio-1636. In that case, the appellant was convicted of a first-degree felony. The trial court informed the appellant that he was subject to post release control of "up to five years" whereas post release control for a first-degree felony is subject to a mandatory five-year term. The appellant argued the trial court failed to comply with the maximum sentence component of Crim.R. 11(C)(2)(a). Because the appellant was only informed of a discretionary period of post release control, he did not enter his plea knowingly, intelligently, or voluntarily. Id. at ¶23-25.

{¶19} In overruling the appellant's Assignment of Error, we held:

{¶20} "In *State v. Clark,* 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, ¶ 30–32, the Supreme Court of Ohio explained the following:

{¶21} "'If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy.

{¶22} "'When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.' *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see also *Nero,* 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin,* 395 U.S. at 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. Id. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶23} "'When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is 'whether the plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart,* Id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. See *Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d, 1224, paragraph two of the

syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' Id. at ¶ 22, 881 N.E.2d 1224.'" *State v. Green*, supra, ¶26-29.

{¶24}    In the case sub judice, the trial court informed Appellant of postrelease control at his plea hearing on May 23, 2008, albeit incorrectly.  Appellant stated in his affidavit with his motion to withdraw his guilty plea that, "[h]ad I known that Post Release Control was mandatory for five years at the time I plead guilty, Had I been advised of mandatory prison time, I would not have plead guilty."

{¶25}  As in *State v. Green*, we find Appellant has failed to show a prejudicial effect.  Appellant has not shown that but for the trial court's error in stating that postrelease control may be up to five years as opposed to a mandatory three years, Appellant would not have entered the guilty plea and gone to trial instead.  We do not find a manifest injustice has occurred to mandate the trial court's withdrawal of Appellant's guilty plea.

{¶26}  Appellant's second Assignment of Error is overruled.

{¶27}  The judgment of the Knox County Court of Common Pleas is affirmed in part and reversed and remanded in part for further proceedings consistent with this Opinion.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
    HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
                                       :
            Plaintiff-Appellee         :
                                       :
-vs-                                   :       JUDGMENT ENTRY
                                       :
WILLIAM P. CARTWRIGHT                   :
                                       :
                                       :       Case No. 11CA000001
            Defendant-Appellant        :

For the reasons stated in our accompanying Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed to Appellee.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. JOHN W. WISE