[Cite as *State v. Bumgardner*, 2017-Ohio-50.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | **JUDGES:** |
|  | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15AP0014 |
| MARK C. BUMGARDNER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal appeal from the Morgan County
                                                        Court of Common Pleas, Case
                                                        No.14CR0023



JUDGMENT:                                   Affirmed



DATE OF JUDGMENT ENTRY:       January 6, 2017



APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

MARK HOWDYSHELL                        PETER CULTICE
19 East Main Street                            58 North Fifth Street
McConnelsville, OH 43756                  Zanesville, OH 43701

*Gwin, J.,*

{¶1} Appellant Mark Bumgardner appeals the October 13, 2015 judgment entry of the Morgan County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} An indictment was filed against appellant on June 18, 2014 stating he violated R.C. 2923.13(A)(3) by having weapons while under disability. A bill of particulars filed on January 14, 2015 stated appellant had in his possession, at his residence, twenty-eight live rounds of .17 caliber ammunition, four casings of fired ammunition, and a Marlin model 917 firearm. The bill of particulars further alleged appellant was previously convicted of possession of marijuana in violation of R.C. 2925.11(1)(C)(d).

{¶3} Appellant signed a jury waiver on February 26, 2015. Appellant signed a plea of guilty on April 14, 2015 stating he entered the plea with the understanding of the nature of the charge and the consequences, including the penalty of the plea. Further, that he had been fully advised by the court of all of his constitutional rights. In the plea form, appellant acknowledged he voluntarily waived all of his constitutional rights.

{¶4} The trial court held a plea hearing on April 14, 2015. During the plea hearing, the trial court informed appellant of the maximum prison term and fines for the violation. The trial court further questioned appellant, "And do you understand that after you are released from incarceration, if that is what happens, that you would be placed on post-release control or probation under standard rules for a definite period of three years? You understand that?" Appellant responded, "Yes, sir."

{¶5} The trial court further asked appellant if he was currently on probation or community control. Appellant stated he was currently on community control. The trial

court asked appellant if he understood "that if you plead guilty to this charge, that could be a violation of your probation, parole, or community control in the other case and could subject you to a penalty for that also?  Do you understand that?"  Appellant stated, "Yes, sir."  The trial court then reviewed with appellant and confirmed he understood the rights he was waiving by entering a plea of guilty.  The trial court also went over the plea form with appellant and confirmed he understood the nature of the charge and the consequences, including the maximum penalty, of the plea.   Appellant stated he understood what the document was and wanted the court to accept the pleading.  Further, that he understood the judge would decide his sentence and he could receive the maximum penalty as prescribed by law.  The trial court accepted appellant's plea of guilty, found the plea was made freely, understandingly, and voluntarily, with full knowledge of the nature of the accusation and the consequences of the plea, and without undue influence, compulsion, duress, or promise of leniency.

{¶6}    In an April 20, 2015 change of plea entry issued by the trial court, the trial court stated it explained the possible penalties that might be imposed if appellant were found guilty and appellant said he understood and wanted the court to proceed with and accept his plea.  The trial court found appellant "entered the guilty plea freely, knowingly, intelligently and voluntarily and fully understanding the nature of the charges and accusations against him and all the possible consequences and penalties resulting therefrom."   The trial court ordered a pre-sentence investigation report and set the sentencing hearing for June 10, 2015.  Appellant filed a motion to continue the sentencing hearing.  The trial court granted the motion and continued the hearing until June 30, 2015.  Appellant filed a second motion to continue and requested the trial court defer the

sentencing hearing until a hearing was held on appellant's alleged probation violation in an earlier case.

{¶7} The trial court held a hearing on October 8, 2015. First, appellant pled guilty to a probation violation in a previous case, No. 11-CR-0062, as a result of his plea in the instant case. When the trial court asked appellant whether there were sufficient facts to find that he was guilty of the probation violation, appellant stated "Yes, sir." In the previous case, appellant pled guilty to one count of having weapons while under disability and received a sentence of five years of community control. In exchange for his plea to Count 1 of the probation violation in the previous case, Counts 2 and 3 of the probation violation were dismissed.

{¶8} The trial court asked appellant whether there was any legal reason why the court should not sentence him that day on either case, and appellant responded, "No, sir." When asked whether he had anything to say, appellant stated he was sorry for what he did and he needs to stop hanging out with friends that have bad habits. Appellant stated he would be happy to do a prison term of nine months for his family and a few friends. The trial court sentenced appellant to eighteen months in prison on the instant case and eighteen months in prison for the violation of his community control in the 2011 case, to be served consecutively to each other.

{¶9} At the conclusion of the sentencing hearing, the trial court informed appellant he was ordering appellant to serve three years of post-release control. Further, that if he violates his post-release control, he would be brought back to court and could be sent back to prison for violating post-release control for nine months for each violation with a maximum of repeated violations of one-half of what his maximum sentence was. Finally,

that if his new violation is a felony, he could be returned to prison for either twelve months or the time remaining on post-release control, whichever is longer, in addition to any prison term imposed for the new offense. When he inquired if appellant understood, appellant said "yes, sir."

{¶10} The trial court issued a sentencing entry on October 13, 2015. The trial court sentenced appellant to eighteen months in prison to be served consecutively to the sentence in the previous case, No. 11-CR-0062. In the sentencing entry, the trial court stated it advised appellant that, upon his release from prison, he will be placed under post-release control supervision for a term of three (3) years, which may be reduced by the parole board. Further, that the trial court informed appellant if he violates the terms of his post-release control supervision he may be returned to prison as a sanction for such violation and any new offense which is committed while under post-release control supervision may be punished with a sentence consecutive to any post-release control sanction.

{¶11} Appellant appeals the October 13, 2015 judgment entry of the Morgan County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT VIOLATED OHIO CRIMINAL RULE 11 WHEN THE TRIAL COURT FAILED TO FULLY ADVISE DEFENDANT/APPELLANT OF THE CONSEQUENCES OF VIOLATING THE TERMS AND CONDITIONS OF HIS THREE YEAR POST-RELEASE CONTROL TERM, AND, AS A RESULT, DEFENDANT/APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER A PLEA OF GUILTY."

I.

{¶13} In his assignment of error, appellant argues the trial court did not substantially comply with Criminal Rule 11(C) because the trial court failed to explain the details of post-release control at the hearing and in the plea form and thus his plea was not knowing, intelligently or voluntarily entered into.  Appellee contends the trial court substantially complied with Criminal Rule 11(C) and, if there was an error, it could be corrected by holding a re-sentencing hearing.

{¶14}  Criminal Rule 11(C)(2) details the trial court's duty in a felony plea hearing to address the defendant personally and to convey certain information to such defendant, and makes clear that the trial court shall not accept a guilty plea without performing these duties.  *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428.  Crim.R. 11(C)(2)(a) states the trial court must determine, "* * * that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."  This Court has previously held that post-release control constitutes a portion of the maximum penalty. *State v. Jones*, 5th Dist. Richland Nos. 10CA75, 10CA76, 2011-Ohio-1202.

{¶15}  In *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, the Ohio Supreme Court held as follows:

> * * * if a trial court fails during a plea colloquy to advise a defendant that the
>
> sentence will include a mandatory term of post-release control, the
>
> defendant may dispute the knowing, intelligent, and voluntary nature of the
>
> plea either by filing a motion to withdraw the plea or upon direct appeal.

Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of post-release control, the court fails to comply with Crim.R. 11 and the reviewing court must vacate the plea and remand the cause.

{¶16} Thus, pursuant to *Sarkozy*, if the trial court judge completely fails to comply with Crim.R. 11 by not informing a defendant of a mandatory period of post-release control, a showing of prejudice is not needed for the plea to be vacated. *Id.* However, the present case is a situation in which the trial court did mention post-release control at the plea hearing. In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. In *Clark*, a case decided after *Sarkozy*, the Ohio Supreme Court concluded that,

If a trial judge, in conducting a plea colloquy, imperfectly explains non-constitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial compliance rule applies on appellate review; under this standard, a slight deviation from the text of the governing rule is permissible, and so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld.

{¶17} Thus, in *Clark,* the Ohio Supreme Court concluded that the right to be informed of the maximum possible penalty and the effect of the plea are subject to the substantial compliance test. *Id.* If there is partial compliance, such as mentioning mandatory post-release control without explaining it, the plea is only to be vacated if the

defendant demonstrates a prejudicial effect. *Id.* The test for prejudice is "whether the plea would have otherwise been made."

{¶18} The present case involves the notification of post-release control during a plea colloquy. As such, we review the trial court's plea colloquy under the substantial-compliance standard. Under the substantial-compliance standard, we analyze the totality of the circumstances surrounding appellant's plea and determine whether he subjectively understood the effect of his plea.

{¶19} Appellant argues the instant case is analogous to three other cases in which this Court found the trial court did not substantially comply with Crim.R. 11(C) and vacated the plea. However, we find these case to be distinguishable from this case. In each of cases cited by appellant, *State v. Jones*, 5th Dist. Richland Nos. 10CA75, 10CA76, 10CA77, 2011-Ohio-1201, *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428, and *State v. Smoot*, 5th Dist. Morgan No. 15AP0009, 2016-Ohio-5750, there was a complete absence of post-release control colloquy prior to the trial court's acceptance of the pleas. Therefore, we found these cases analogous to *Sarkozy*.

{¶20} This Court has previously found no manifest injustice occurred when an appellant was not informed during the plea hearing of the term of post-release control, but was notified through the plea form. *State v. Alexander*, 5th Dist. Stark No. 2013CA00151, 2014-Ohio-2351. Additionally, in *State v. Aleshire*, we did not vacate a plea despite the trial court's failure to advise the defendant of post-release control when, under the totality of the circumstances, the sentencing colloquy and entry advised the defendant of the proper post-release control. 5th Dist. Licking No. 2007-CA-1, 2008-Ohio-5688; see also *State v. Brown*, 2nd Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199 (finding

substantial compliance when the trial court correctly notified defendant of the mandatory period of post-release control during the plea colloquy but where an erroneous period of post-release control was contained in the plea form due to the fact that the plea form is not mandated by Crim.R. 11).

{¶21} We find, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he was waving. In this case, there is not a complete absence of post-release control colloquy prior to the trial court's acceptance of appellant's plea. While the plea form does not contain any information regarding post-release control, during the plea hearing, the trial court specifically asked appellant, "And do you understand that after you are released from incarceration, if that is what happens, that you would be placed on post-release control or probation under standard rules for a definite period of three years? You understand that?" Appellant responded, "Yes, sir." Further, when asked by the trial court, appellant confirmed he was currently on community control. The trial court asked appellant if he understood that if he pled guilty to the charge in this case, it could be a violation of his community control and he could be subject to a penalty for that also. Appellant stated, "Yes, sir." In the present case, the trial court specifically notified appellant of three years of post-release control and appellant acknowledged he understood.

{¶22} The trial court also specifically informed appellant he was subject to post-release control at the sentencing hearing. At no time during the plea or the sentencing phase did appellant ask any questions regarding the penalties involved for the charge to which he was pleading guilty. Upon being informed both at the plea hearing and at the sentencing hearing he was subject to a three-year period of post-release control, appellant

did not indicate his disapproval or confusion to the trial court. Rather, at both the plea hearing and at the sentencing hearing when the trial court asked appellant if he understood the three years of post-release control, appellant replied "Yes, sir."

{¶23} Further, at the sentencing hearing, the trial court asked appellant if there was any legal reason why the court should not sentence him and appellant replied, "No, sir." At the sentencing hearing, when the trial court asked appellant if he understood that if he violates his post-release control, he could be sent back to prison for nine months for each violation with a maximum of repeated violations of one-half of what his maximum sentence was or if his new violation is a felony, for either twelve months or his time remaining on post-release control, appellant said "Yes, sir." The sentencing entry specifically states appellant will be placed on three years of post-release control and that appellant was informed of the consequences of violating post-release control. Appellant concedes that the sentencing entry provides if he violates his post-release control he would be returned to prison. Thus, under the totality of the circumstances, we find appellant subjectively understood the implications of his plea and the rights he was waving.

{¶24} Additionally, since this is a case of partial compliance with regard to a non-constitutional right rather than a complete failure to comply with Crim.R. 11 regarding that right, in order to succeed on his claim that his plea was not knowing, voluntary, and intelligent, appellant must demonstrate he was prejudiced by the trial court's failure to give more a more detailed explanation with regards to post-release control at the hearing and in the plea form. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶25} Appellant has not demonstrated that, but for the trial court's error, he would not have entered the guilty plea and gone to trial instead. Thus, he has not shown

"prejudicial effect." See *State v. Green*, Stark No. 2010CA00198, 2011-Ohio-1636. In the case at bar, appellant does not refer to any portion of the record nor does he argue that he would not have entered the guilty plea had the trial court given him a more detailed explanation of post-release control during the change of plea hearing or in the plea form. Further, during the sentencing hearing, appellant stated he was sorry for what he did and he needs to stop hanging out with friends that have bad habits. When requesting a nine month prison term for the offense, appellant stated, "And I think nine months I would – I'd just be happy to do that for my family and for every that I – you know, family and a few friends." Thus, appellant has failed in his burden to demonstrate a prejudicial effect. See *Id.*

{¶26} Accordingly, we hold that the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and appellant did not demonstrate a prejudicial effect. Appellant's assignment of error is overruled. The October 13, 2015 judgment entry of the Morgan County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer P.J., and

Baldwin, J., concur