[Cite as *State v. Powers*, 2011-Ohio-6541.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-MA-161 |
| | ) | |
| MASON POWERS, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Court of Common
                                  Pleas of Mahoning County, Ohio
                                  Case No. 09CR1127

JUDGMENT:                         Affirmed

APPEARANCES:
For Plaintiff-Appellee            Paul Gains
                                  Prosecutor
                                  Ralph Rivera
                                  Assistant Prosecutor
                                  21 W. Boardman St., 6th Floor
                                  Youngstown, Ohio 44503

For Defendant-Appellant           Attorney Jan Mostov
                                  839 Southwestern Run Road
                                  Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 13, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, Mason Powers, appeals from a Mahoning County Common Pleas Court judgment convicting him of aggravated robbery with a firearm specification and breaking and entering, following a guilty plea.

{¶2} On October 29, 2009, a Mahoning County Grand Jury indicted appellant on one count of aggravated robbery, a first-degree felony in violation of R.C. 2911.01(A)(1)(B) with a firearm specification, and breaking and entering, a fifth-degree felony in violation of R.C. 2911.13(B)(C). Appellant entered a not guilty plea.

{¶3} On September 14, 2010, appellant entered into a Crim.R. 11 plea agreement with plaintiff-appellee, the State of Ohio. Per the agreement, appellant pleaded guilty to aggravated robbery with a modified firearm specification and breaking and entering. In exchange, the state recommended a total prison term of four years.

{¶4} The trial court subsequently sentenced appellant to five years in prison for aggravated robbery and one year for breaking and entering to be served concurrently. On the firearm specification, the court sentenced appellant to one year to be served consecutive to his other sentences for a total sentence of six years.

{¶5} Appellant filed a timely notice of appeal on October 26, 2010.

{¶6} Appellant's appointed appellate counsel filed a combined no merit brief pursuant to *State v. Toney* (1970), 23 Ohio App.2d 203, and motion to withdraw. In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The *Toney* procedure is as follows:

{¶7} "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶8} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent

should be granted time to raise any points that he chooses, pro se.

{¶9} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶10} " * * *

{¶11} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at the syllabus.

{¶12} This court informed appellant that his counsel filed a *Toney* brief. Appellant did not file a pro se brief.

{¶13} Since appellant pleaded guilty to the charges set forth above, there are two issues that he can appeal: (1) whether the plea was entered into knowingly, intelligently, and voluntarily; and (2) his sentence.

{¶14} First, the trial court properly complied with Crim.R. 11 in accepting appellant's guilty plea.

{¶15} When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-03-65, 2005-Ohio-552, at ¶8, citing *Brady v. United States* (1970), 397 U.S. 742. Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, at ¶11, citing *Boykin v. Alabama* (1969), 395 U.S. 238, 243. The advisements pursuant to Crim.R. 11(C) that the court is required to make prior to accepting the plea are typically divided into constitutional and non-constitutional rights.

{¶16} The constitutional rights include the right against self-incrimination, the

right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to have the state prove the defendant's guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶¶19-21. A trial court must strictly comply with these requirements. *Veney*, 120 Ohio St.3d at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

**{¶17}** The nonconstitutional rights include that the defendant must be informed of the nature of the charges, including the maximum penalty involved (which includes an advisement on postrelease control), that the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and that the court may proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d at ¶¶10-13; *State v.. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney*, 120 Ohio St.3d at ¶15 quoting *Nero*, 56 Ohio St.3d at 108.

**{¶18}** In this case, the trial court strictly complied with Crim.R. 11(C)(2)(c). A review of the plea hearing transcript indicates that the court advised appellant of all the constitutional rights he was waiving by entering a guilty plea. Specifically, the court advised appellant of the right to a trial by jury (Plea Tr. 5), the right to have the state prove its case beyond a reasonable doubt (Plea Tr. 5), the right to cross-examine witnesses against him (Plea Tr. 6), the right to compel witnesses to testify on his behalf (Plea Tr. 6), and the right against self-incrimination (Plea Tr. 6-7). Appellant told the court that he understood each of these rights he was waiving by pleading guilty. (Plea Tr. 5-7).

**{¶19}** Furthermore, the court substantially complied with Crim.R.

11(C)(2)(a)(b). The trial court advised appellant of his nonconstitutional rights. It explained to appellant that it could proceed immediately to sentencing. (Plea Tr. 8). It informed him of the nature of the charges. (Plea Tr. 6). It explained the potential sentence he faced for each count, including the maximum sentences. (Plea Tr. 8). Finally, the court described postrelease control to appellant. (Plea Tr. 10-11).

{¶20} Thus, the trial court complied with Crim.R. 11(C). As such, there are no appealable issues concerning appellant's plea.

{¶21} The second appealable issue is appellant's sentence.

{¶22} The Ohio Supreme Court has held that in reviewing felony sentences, the appellate courts must use a two-prong approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶4, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶23} Appellant's sentence is not contrary to law. The trial court sentenced appellant to five years for the first-degree felony, one year for the fifth-degree felony, and one year for the firearm specification. Each of these sentences is within the applicable statutory range. See R.C. 2929.14(A)(1)(5); R.C. 2929.14(B)(1)(a). Furthermore, the court stated in its judgment entry that it considered the principles and purposes of sentencing pursuant to R.C. 2929.11. And it stated that it balanced the seriousness and recidivism factors set out in R.C. 2929.12.

{¶24} Likewise, the trial court did not abuse its discretion in sentencing appellant. The trial court stated in its sentencing entry that it considered the record and oral statements in reaching its sentence. Additionally, at the sentencing hearing, the court pointed out that appellant had failed to appear at the Adult Parole Authority for his presentence investigation and noted appellant's criminal history. (Sen. Tr. 13, 14-15). Accordingly, there was nothing in the record to suggest that the court's

decision was unreasonable, arbitrary, or unconscionable.

**{¶25}** In sum, there are no appealable issues as to appellant's sentence.

**{¶26}** For the reasons stated above, the trial court's judgment is hereby affirmed.  Counsel's motion to withdraw is granted.

Vukovich, J., concurs.

DeGenaro, J., concurs.