[Cite as *State v. Sankovitch*, 2017-Ohio-9248.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 16 BE 0030 |
| VS. | ) | |
| | ) | OPINION |
| MICHAEL ALAN SANKOVITCH | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 15 CR 214

JUDGMENT:     Affirmed. Motion to Withdraw Granted.

APPEARANCES:
For Plaintiff-Appellee

Attorney Daniel Fry
Belmont County Prosecutor
Attorney J. Flanigan
Assistant Prosecutor
Courthouse Annex 1
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant

Attorney Brent Clyburn
604 Sixth Street
Moundsville, West Virginia 26041

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: December 26, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Michael Sankovitch, appeals the trial court's judgment of conviction and sentence following his plea. Appointed appellate counsel for Sankovitch has filed a no-merit brief and a request to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967) and *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶2} Sankovitch was indicted for unlawful sexual conduct with a minor, intimidation of a witness in a criminal case, and sexual battery, all felonies of the third degree. Sankovitch entered a guilty plea to sexual battery, and the remaining counts were dismissed. The plea agreement noted that the State would stand silent as to a sentence recommendation, and Sankovitch specifically waived the right to appeal the length of the sentence. At the sentencing hearing trial counsel requested a less than maximum sentence based upon the risk assessment conducted during the pre-sentence investigation. Sankovitch was sentenced to a maximum prison term of five years and five years post release control. Counsel filed a no-merit brief. We granted Sankovitch 30 days to file a pro se brief, which he failed to do.

{¶3} An attorney appointed to represent an indigent criminal defendant may seek permission to withdraw if the attorney can show that there is no merit to the appeal. *See generally Anders*, 386 U.S. 738. This requires appellate counsel to undertake a conscientious examination of the case and accompany the request for withdrawal with a brief referring to anything in the record that might arguably support an appeal. *Toney*, 23 Ohio App.2d at 207. Counsel's motion must then be transmitted to the defendant in order to assert any error pro se. *Id.* at syllabus. The reviewing court must then decide, after a full examination of the proceedings, whether the case is wholly frivolous. *Id.* If deemed frivolous, counsel's motion to withdraw is granted, new counsel is denied, and the trial court's judgment is affirmed. *Id.*

{¶4} In the typical *Anders* case involving a guilty plea, the only issues that can be reviewed relate to the plea or the sentence. See, e.g., *State v. Verity*, 7th Dist. No. 12 MA 139, 2013–Ohio–1158, ¶ 11.

{¶5} A guilty plea must be made knowingly, voluntarily and intelligently.

*State v. Sarkozy*, 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7. If it is not, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004–Ohio–6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). When determining the voluntariness of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Johnson*, 7th Dist. No. 07 MA 8, 2008–Ohio–1065, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**{¶6}** The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark*, 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis*, 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶7}** The constitutional rights the defendant must be notified of are the right against self-incrimination, to a jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c); *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. A trial court must strictly comply with these requirements. *Id.* at ¶ 31; *State v. Ballard*, 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981). "Strict compliance" does not require a rote recitation of the exact language of the rule. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." *Id.* at paragraph two of the syllabus.

**{¶8}** The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable. *State v. Martinez*, 7th Dist. No. 11 MA 2, 2011–Ohio–6408, ¶ 14. Further, a defendant must be notified, if applicable, that he is not eligible for probation or the imposition of community control sanctions. *Id.* Finally, this encompasses notifying the defendant that the court may

proceed to judgment and sentence after accepting the guilty plea. Crim.R. 11(C)(2)(a)(b); *Veney*, 120 Ohio St.3d 176 at ¶ 10–13; *Sarkozy*, 117 Ohio St.3d 86, at ¶ 19–26. The trial court must substantially comply with these requirements. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* In addition to demonstrating the trial court did not substantially comply with Crim R. 11(C)(2)(a)(b) the defendant must also show a prejudicial effect, meaning the plea would not have otherwise been made. *Veney*, 120 Ohio St.3d 176 at ¶ 15 citing *Nero*, 56 Ohio St.3d at 108.

**{¶9}** The trial court's advisement of Sankovitch's constitutional rights strictly complied with Crim.R. 11(C)(2)(c), and he indicated he understood he was giving up all of those rights. The trial court also substantially complied with Crim.R. 11(C) when advising Sankovitch of his nonconstitutional rights. As the trial court's colloquy with Sankovitch complied with Crim.R. 11(C), the plea was knowingly, voluntarily, and intelligently entered.

**{¶10}** Regarding sentencing, appellate courts review a felony sentence to determine whether it is clearly and convincingly unsupported by the record or is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1.

**{¶11}** Sankovitch was afforded his allocution rights pursuant to Crim.R. 32(A)(1); the trial court asked him directly if he had anything to say before it pronounced sentence. Sankovitch briefly apologized for his conduct and stated he was prepared to pay his debt to society.

**{¶12}** The trial court considered the principles and purposes of felony sentencing and the sentencing factors. R.C. 2929.11 and R.C. 2929.12. Sankovitch's five-year sentence for sexual battery, a third degree felony, falls within the statutory prison term range, admittedly it is at the maximum end of the range, however, Sankovitch specifically waived his right to appeal the length of his sentence. R.C.

2907.03; R.C. 2929.14. The trial court properly imposed jail-time credit. The trial court notified Sankovitch that upon his release he would be subject to a mandatory five-year post-release control term and notified him about the ramifications of violating post-release control.

{¶13} Because the record contains no apparent errors, counsel is permitted to withdraw and the judgment of the trial court is affirmed.

Waite, J., concurs.

Robb, P. J., concurs.