JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Sarkozy, appeals the trial court's denial of his motion to withdraw his guilty plea and his sentence. After a thorough review of the arguments and for the reasons set forth below, we affirm his conviction, but vacate his sentence and remand for resentencing.
 {¶ 2} On February 8, 2005, appellant was indicted on ten counts, including one count of attempted murder, in violation of R.C. 2923.02; two counts of aggravated burglary, in violation of R.C. 2911.11; two counts of aggravated robbery, in violation of R.C. 2911.01; two counts of kidnapping, in violation of R.C.2905.01; and two counts of felonious assault, in violation of R.C. 2903.11. Each of these counts also included one- and three-year firearm specifications, a notice of prior conviction, and a repeat violent offender specification. Appellant was also indicted on one count of having a weapon while under a disability, in violation of R.C. 2923.13.
 {¶ 3} On May 25, 2005, appellant pleaded guilty to one count of attempted murder with all specifications, one count of aggravated robbery, and one count of kidnapping. After accepting appellant's guilty plea, the trial court scheduled the matter for sentencing. On the day of sentencing, appellant made a pro se oral motion to withdraw his guilty pleas, and the trial court held a hearing on the motion before sentencing. After appellant presented his argument in favor of his motion to withdraw, the state and the appellant's attorney were given an opportunity to respond. The trial court denied the motion and proceeded with sentencing appellant to ten years for attempted murder, three years for the firearm specification, ten years for aggravated robbery, and four years for kidnapping. The trial court ordered that the sentences be served consecutively, for a total term of incarceration of 27 years.
 {¶ 4} The incident that gave rise to the charges against appellant occurred on the morning of January 26, 2005. On that day, he called the victim, Sara Hughes, and asked if he could borrow some money from her. He had recently been released from jail, and the victim often offered him assistance to help him assimilate back into society. Although the victim told him that she could not lend him money, he drove to her home anyway. When the victim let him into her home, he immediately demanded money from her and proceeded to punch her in the face. He then dragged her upstairs to her locked storage box. While upstairs, he choked her with an electrical cord and beat her severely. He then dragged her to her laundry room, where he left her momentarily so he could retrieve a knife from her kitchen. When he returned to the laundry room, he used the kitchen knife to slash her throat and stab her in the chest. Despite the victim's severe injuries, appellant continued to beat and drag her. Although she survived the brutal attack, she suffered extensive physical and emotional injuries.
 {¶ 5} Appellant brings this appeal asserting four assignments of error for our review.
 {¶ 6} "I. The trial court erred when it refused to allow the defendant to withdraw his guilty pleas because the defendant established adequate grounds for the withdrawal and because the trial court's plea colloquy was inadequate."
 {¶ 7} Appellant first argues that the trial court abused its discretion when it denied his motion to withdraw his guilty pleas. More specifically, he asserts that the trial court made no mention of post-release control at the time of his plea, in direct conflict with the requirements of Crim.R. 11. In addition, he contends he pleaded guilty on the basis of promises made to him by his attorney regarding the length of his sentence. He asserts that, in light of his counsel's actions, adequate grounds existed to compel the court to grant his motion to withdraw.
 {¶ 8} To the contrary, the state argues that the trial court was in substantial compliance with the plea requirements of Crim.R. 11 when it accepted the appellant's guilty plea, thus there was no abuse of discretion when the trial court denied the motion to withdraw. The state asserts that appellant did not make his guilty plea on the basis of promises made to him by his attorney, and it further contends that appellant was fully informed of the terms of his plea agreement, as well as the sentencing guidelines for his crimes, and was not induced into entering a guilty plea.
 {¶ 9} The decision to grant or deny a motion to withdraw lies within the sound discretion of the trial court. The court must conduct a hearing to determine if, in fact, a reasonable and legitimate basis for withdrawal has been shown. Id. at 521. The trial court's decision may be reversed only upon a showing of abuse of discretion. Id. at 526. An abuse of discretion consists of a ruling by the trial court that was "unreasonable, arbitrary, or unconscionable." Id. at 527, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 10} Crim.R. 11(C), which deals with a trial court's acceptance of a plea of guilty to a felony offense, provides:
 {¶ 11} "(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.
 {¶ 12} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 {¶ 13} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 14} "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 {¶ 15} "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 16} In order to comply with Crim.R. 11(C), a trial court must determine whether the defendant fully comprehends the consequences of his plea of guilty. Such a determination is made through an oral dialogue between the trial court and the defendant.
 {¶ 17} "Adherence to the provisions of Crim.R. 11(C)(1) requires an oral dialogue between the trial court and thedefendant which enables the court to determine fully thedefendant's understanding of the consequences of his plea of guilty or no contest." (Emphasis added.) State v. Caudill
(1976), 48 Ohio St.2d 343, paragraph 2 of the syllabus.
 {¶ 18} In addition, the Supreme Court of Ohio has established that a trial court need only substantially comply with the mandates of Crim.R. 11(C) in accepting a plea of guilty. Statev. Stewart (1977), 51 Ohio St.2d 86, at 92.
 {¶ 19} Literal compliance with Crim.R. 11 is the preferred practice; however, the fact that the trial court did not strictly comply with Crim.R. 11 does not compel that the defendant's guilty plea be vacated if the reviewing court determines that there was substantial compliance. State v. Nero (1990),56 Ohio St.3d 106. In Nero, the Ohio Supreme Court stated:
 {¶ 20} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart,
supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980),445 U.S. 963. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart,
supra, at 93, 5 O.O.3d at 5676, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made." Id. at 108.
 {¶ 21} We find no merit in appellant's argument that the trial court abused its discretion when it denied his motion to withdraw. It is clear from the lengthy colloquy between the trial court and appellant that he was well informed of his rights, as mandated by Crim.R. 11. During appellant's plea hearing, the following exchange occurred:
 {¶ 22} "THE COURT: Thank you. Mr. Sarkozy, how old are you, sir?
 {¶ 23} "THE DEFENDANT: 53.
 {¶ 24} "THE COURT: How far did you go in school?
 {¶ 25} "THE DEFENDANT: Nine.
 {¶ 26} "THE COURT: As we speak right now are you under the influence of any drugs, alcohol or medication?
 {¶ 27} "THE DEFENDANT: Well, no. I get a sleeping pill at night, that's it.
 {¶ 28} "THE COURT: Are you thinking clearly at the present time?
 {¶ 29} "THE DEFENDANT: Oh, yeah.
 {¶ 30} "THE COURT: Are you on probation, parole or post-release control for anything?
 {¶ 31} "THE DEFENDANT: No.
 {¶ 32} "THE COURT: Now, by law you do have the right to have this case tried by a jury. You can give up that right and have a judge hear your case without a jury. You also have a right to a lawyer. Do you understand that?
 {¶ 33} "THE DEFENDANT: Yes.
 {¶ 34} "THE COURT: You have a right to confront your accusers in open court through the process of cross examination and by using a subpoena you also have the right to bring into court witnesses to testify on your behalf. Do you understand that?
 {¶ 35} "THE DEFENDANT: Yes.
 {¶ 36} "THE COURT: Has anybody, your attorney included, made any promises, threatened you, or offered you anything in order to cause you to enter into this plea today?
 {¶ 37} "THE DEFENDANT: No.
 {¶ 38} "THE COURT: Counts 1, 2 and — excuse me, counts 1, 4 and 6 are all felonies of the first degree, all punishable by three to ten years in prison and a fine up to $20,000.00. In Count No. 1 there is (sic) several specifications. The firearm specification adds an additional one or three years to the sentence, so in fact those merge. So the practical outcome is it would add three years to the sentence. The notice of prior conviction can lead to running a consecutive, giving me the option of running ten years — excuse me — can lead to consecutive sentences, the repeat violent offender specification can lead to consecutive additional ten years on count 1. Do you understand that?
 {¶ 39} "THE DEFENDANT: Yes, sir.
 {¶ 40} "THE COURT: Are you a citizen of the United States?
 {¶ 41} "THE DEFENDANT: Yes, sir.
 {¶ 42} "THE COURT: Are you satisfied with Mr. Hildebrand's work on this case?
 {¶ 43} "THE DEFENDANT: Yes.
 {¶ 44} "THE COURT: Do you have any questions about this case or this hearing you would like to have answered?
 {¶ 45} "THE DEFENDANT: No."
 {¶ 46} It is clear from the above exchange that the trial court substantially complied with the mandates of Crim.R. 11 when it accepted appellant's plea. The trial court directly addressed appellant and went to great lengths to ensure that he was entering his plea voluntarily, that he was informed of the maximum penalty involved, that he was informed of and understood the effect of the guilty plea, and that he was aware of his right to a jury trial. Although the trial court did not specifically mention the terms of post-release control at the plea hearing, under the totality of the circumstances, it is clear that appellant subjectively understood the implications of his plea and the rights he was waiving.
 {¶ 47} Additionally, the record gives no indication that appellant would have withdrawn his guilty plea and opted for a trial had he been informed regarding post-release control. Had appellant rejected the plea agreement and proceeded to trial, he would have faced a considerably longer term of incarceration than the maximum sentence under the plea agreement, including post-release control.
 {¶ 48} In addition, the trial court took great care to ensure that appellant's guilty plea was not induced by promises or threats from his attorney or the state. The trial court specifically inquired whether appellant was induced to enter his plea, and he responded by stating that his guilty plea was not the product of inducement. At the start of the plea hearing, the state presented the terms of the plea agreement to the court. Both the state and appellant's attorney informed the court that appellant voluntarily accepted the plea agreement and that no promises or threats were made to him. Appellant has not provided any concrete evidence showing he was induced in any way to accept the plea agreement. Although he argues that his attorney promised him that he would receive a lighter sentence, his own statements do not support his position, rendering his claim of inducement without merit.
 {¶ 49} The trial court's actions were neither unreasonable, arbitrary nor unconscionable when it denied appellant's motion to withdraw his guilty plea. Accordingly, the trial court did not abuse its discretion, and appellant's first assignment of error is overruled.
 {¶ 50} Because the appellant's final three assignments of error are substantially interrelated, they will be addressed together.
 {¶ 51} "II. The trial court erred when it imposed maximum terms of imprisonment on counts one and four without making furnishing (sic) adequate reasons as to why these crimes constituted the worst forms of the offense.
 {¶ 52} "III. The trial court erred when it imposed consecutive terms of imprisonment without making the requisite findings with reasons in support thereof.
 {¶ 53} "IV. The trial court violated the defendant's Sixth Amendment right to trial by jury when it imposed more than minimum and concurrent terms of imprisonment on the substantive offenses alleged in counts one, four and six (Washington v.Blakely)."
 {¶ 54} Appellant argues that the trial court erred when it sentenced him to a 27-year term of incarceration by imposing the maximum sentence without stating its reasons on the record and by imposing consecutive sentences without making the requisite findings. In addition, he contends that the trial court violated his Sixth Amendment right when it imposed more than the minimum sentence and concurrent terms of imprisonment.
 {¶ 55} The Ohio Supreme Court's recent decision in State v.Foster, ___ 109 Ohio St.3d 1, 2006-Ohio-856, renders appellant's assignment of error without merit for purposes of this appeal. InFoster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4), 2929.41(A), R.C.2929.14(B) and (C), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences. Foster, supra.
 {¶ 56} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate the appellant's sentence and remand this case to the trial court for a new sentencing hearing.
 {¶ 57} Conviction affirmed, sentence vacated, cause remanded for resentencing.
 {¶ 58} This cause is affirmed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs; Sweeney, J., concurs in part anddissents in part (separate opinion attached).
 CONCURRING AND DISSENTING OPINION