[Cite as *State v. Tolliver*, 2019-Ohio-5042.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH DUANE TOLLIVER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0054**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 17 CR 305

Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Scott Lloyd*, Prosecutor's Office, 147-A West Main Street, St. Clairsville, OH 43950, for Plaintiff-Appellee, and

*Atty. Desirae DiPiero*, Desirae DiPiero, LLC., 8256 East Market Street, Suite 111, Warren, Ohio 44484, for Defendant-Appellant.

Dated:
December 6, 2019

**DONOFRIO, J.**

**{¶1}** Defendant-appellant, Joseph Duane Tolliver, appeals his conviction following a guilty plea in the Belmont County Common Pleas Court for one count of attempted felonious assault in violation of R.C. 2903.11(A)(1) and R.C. 2923.02(A), a third-degree felony.

**{¶2}** On November 15, 2017, plaintiff-appellee, the State of Ohio, filed a bill of information charging appellant with attempted felonious assault. On November 27, 2017, appellant waived indictment and pled guilty as charged. The trial court performed the plea colloquy, accepted appellant's guilty plea, and scheduled a sentencing hearing for December 11, 2017.

**{¶3}** At the scheduled sentencing hearing, the trial court sentenced appellant to 36 months of incarceration with credit for 43 days. The trial court also advised appellant that he was subject to a discretionary post-release control period of up to three years.

**{¶4}** Appellant's sentence was memorialized in a judgment entry dated December 12, 2017. Appellant timely filed this appeal on December 15, 2017. Appellant now raises one assignment of error.

**{¶5}** Appellant's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA WHICH WAS NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE.

**{¶6}** Appellant makes a general argument that his guilty plea was not knowingly, voluntarily, and intelligently made.

**{¶7}** Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily. *State v. Wright,* 7th Dist. Mahoning No. 09 MA 1, 2009–Ohio–4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights. *Id.*

Case No. 17 BE 0054

**{¶8}** The constitutional rights are: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) the right to compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id.,* citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 31.

**{¶9}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea; the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (post-release control is a non-constitutional advisement).

**{¶10}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶11}** Addressing the constitutional advisements, the following exchange took place at appellant's change of plea hearing:

**The Court**: All right. Under the Constitution, you are guaranteed certain rights. We have to make sure that you know that you have them and that you know that you are giving them up today. First of all, you have the right to a jury trial; do you understand?

**The Defendant**: Yes.

**The Court**: Do you waive that right?

**The Defendant**: Yes.

**The Court**: You have the right to require the State to you [sic] prove you guilty beyond a reasonable doubt of each element of the crime that you're charged with; do you understand?

**The Defendant**: Yes.

**The Court**: Do you waive that right?

**The Defendant**: Yes.

**The Court**: With Mr. Ryncarz's help, you have the right to confront, by cross-examination, any witnesses who would take the stand against you, and you have the right to the compulsory process of the Court to compel the attendance of your own witnesses; do you understand that you have those rights?

**The Defendant**: Yes.

**The Court**: Do you waive those rights?

**The Defendant**: Yes.

**The Court**: You have the right to remain silent at your trial; meaning, no one could force you to testify. And if you chose to remain silent, I would have to explain to the jury that they my [sic] not consider your silence as evidence of your guilt; do you understand?

**The Defendant**: Yes.

**The Court**: Do you waive that right?

**The Defendant**: Yes.

(Plea Tr. 7-8).

{¶12} These advisements strictly comply with Crim.R. 11(C)(2)(c) regarding appellant's constitutional rights.

{¶13} Addressing the non-constitutional rights, the trial court informed appellant of the nature of the charges. (Plea Tr. 2). The trial court advised appellant that the maximum prison term for attempted felonious assault was 36 months. (Plea Tr. 2). Felonious assault is a second-degree felony. R.C. 2903.11(D)(1)(a). Pursuant to R.C. 2923.02(E)(1), in relevant part, an attempt to commit an offense is an offense of the next lesser degree than the offense attempted. Therefore, appellant's charge was for a third-

degree felony.  Third-degree felonies have a maximum prison term of 36 months.  R.C. 2929.14(A)(3)(b).

**{¶14}** The trial court advised appellant that it had the ability to "impose any sentence clear up to the maximum that you're eligible for[.]"  (Plea Tr. 5).  The trial court advised appellant that he was eligible for a community control sanction that could last up to five years.  (Plea Tr. 6).  The trial court also advised appellant that, if he was sentenced to prison, "upon your release, the Parole Board can place you on what is called post release control for up to another three years."  (Plea Tr. 6).

**{¶15}** As for violations of post-release control, the trial court informed appellant that if he violated post-release control, he could be re-incarcerated for "one-half of whatever the [s]tated prison term would be."  (Plea Tr. 6-7).  Finally, the trial court informed appellant that, if he committed another felony while on post-release control, "that judge can sentence you for that felony, and then she [or] he can add up to three years, or whatever is left of your post release control, consecutive to your sentence in that case." (Plea Tr. 7).

**{¶16}** Thus, the trial court substantially complied with Crim.R. 11(C)(2)(a)(b) in advising appellant in regard to  the nature of the charges, the maximum penalty, and post-release control, and the relevant information regarding community control.

**{¶17}** The trial court did not inform appellant that, upon accepting his guilty plea, the trial court may proceed directly to judgment and sentencing.   We addressed a similar issue in *State v. Docgrand*, 7th Dist. Mahoning Nos. 08 MA 249, 08 MA 250, 08 MA 251, 2009-Ohio-5077.  In *Docgrand*, the trial court advised Docgrand that, upon accepting the guilty plea, the trial court could proceed directly to judgment and sentencing.  *Id.* at ¶ 23. But the trial court did not ask Docgrand if she understood what that statement meant.  *Id.* We found no reversible error for two reasons: the trial court did not immediately proceed to sentencing and Docgrand did not allege a prejudicial effect as a result of the advisement.  *Id.*

**{¶18}** In this case, like in *Docgrand*, the trial court did not immediately proceed to sentence appellant.  Additionally, appellant does not argue that he would not have entered his plea if he was properly notified that the trial court may proceed directly to judgment and sentencing.

**{¶19}** *Veney* requires appellant to show a prejudicial effect when challenging his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2). As appellant only makes a general argument and does not argue that his plea otherwise would not have been made, the lack of this advisement alone is not sufficient to render the acceptance of appellant's guilty plea error.

**{¶20}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶21}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**