[Cite as *State v. Hicks*, 2024-Ohio-1939.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2023-0097 |
| ERIC HICKS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:  Appeal from the Muskingum County Court of Common Pleas, Case No. CR2023-0549

JUDGMENT:  Reversed and Remanded

DATE OF JUDGMENT ENTRY:  May 20, 2024

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Muskingum County Prosecuting Attorney

JOSEPH A. PALMER
Assistant Prosecuting Attorney
27 N. Fifth Street
Zanesville, Ohio 43701

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place South, Suite #100
Dublin, Ohio 43017

*Hoffman, J.*

**{¶1}** Defendant-appellant Eric Hicks appeals his sentence entered by the Muskingum County Court of Common Pleas, after the trial court found him guilty upon accepting his guilty plea. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** On August 24, 2023, the Muskingum County Grand Jury indicted Appellant on one count of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree, with two attendant forfeiture specifications; and one count of possessing criminal tools, in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree. Appellant appeared before the trial court for arraignment on October 25, 2023, and entered a plea of not guilty to the Indictment.[2]

**{¶3}** Prior to the scheduled trial date, the parties notified the trial court they had reached a plea agreement. The trial court conducted a change of plea hearing on December 11, 2023. Pursuant to the terms of the plea agreement, Appellant agreed to plead guilty to Count 1, theft, and the forfeiture specifications, and pay restitution in the amount of $1,119.02, and, in exchange, the state would dismiss Count 2, possession of criminal tools and defer to the trial court regarding sentencing.

**{¶4}** The trial court proceeded with a Crim.R 11 colloquy with Appellant. The trial court specifically asked Appellant, "You want to waive your presentence investigation and be sentenced today?" Transcript of December 11, 2023 Plea and Sentencing Hearing

---

[1] A Statement of the Facts underlying Appellant's conviction is not necessary to our disposition of this Appeal.

[2] The delay in Appellant's arraignment was due to Appellant being incarcerated in the Franklin County Jackson Pike Jail on an unrelated charge.

at p. 12.  Appellant responded, "Yes, sir."  *Id.*  Appellant requested the trial court place him on probation in order for him to address his drug addiction.  The trial court refused and imposed a stated prison term of twelve (12) months and ordered Appellant to pay restitution in accordance with the negotiated plea. The trial court memorialized Appellant's conviction and sentence via Entry filed December 11, 2023.

{¶5}   It is from this entry Appellant appeals, raising as his sole assignment of error:

HICK'S SENTENCE SHOULD BE VACATED, AND HIS PLEA REVERSED: NEITHER THE TRIAL COURT NOR COUNSEL INFORMED HICKES THAT BY WAIVING HIS PSI, HE WAS INELIGIBLE FOR PROBATION.

I

{¶6}   In his sole assignment of error, Appellant contends his sentence should be vacated and his plea withdrawn because neither the trial court nor defense counsel advised him his waiver of a presentence investigation made him ineligible for probation.[3]

---

[3] Crim.R. 32.2 and R.C. 2951.03 govern presentence investigations. Crim.R. 32.2 provides:

Unless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases, order a presentence investigation and report before imposing community control sanctions or granting probation. The court may order a presentence investigation report notwithstanding the agreement to waive the report. In misdemeanor cases the court may order a presentence investigation before granting probation.

Likewise, R.C. 2951.03(A)(1) provides, in pertinent part: "no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court."

**{¶7}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

**{¶8}** The constitutional rights the defendant must be informed of are: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶9}** "The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing." *State v. Haudenschild*, 5th Dist. Ashland No. 23-COA-014, 2024-Ohio-407, citing Crim.R. 11(C)(2). See, also, *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26 (post-release control is a non-constitutional advisement).

**{¶10}** For the non-constitutional rights, the trial court must substantially comply with the mandates of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the

defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney*, supra at ¶ 15. A defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney*, supra at ¶ 15; *Stewart*, supra at 93. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *Sarkozy*, supra at ¶ 19-20.

{¶11} At the December 11, 2023 Plea & Sentencing Hearing, after Appellant advised the trial court he wanted to waive the presentence investigation and proceed to sentencing, the trial court asked Appellant, "Is there anything you'd like to say on your behalf prior to sentencing?" Transcript of December 11, 2023 Plea & Sentencing Hearing at p. 13. Appellant responded:

So Honorable Judge Cottrill, I first want to apologize for the person I am during active addiction. I'm here in court today pleaing [sic] for mercy in hopes that you align my sentence –

* *

So last year before I relapsed was my first year clean since I've been fifteen years old.

* *

I ask that you align my sentence with that of Franklin County. The Courts came to – came to the conclusion and are offering me needed help

by way of CBCF (community-based correctional facility). If given this chance, I plan to utilize the skills I obtain to address critical thinking areas, some destructive thought patterns and behavior patterns as well, attend mental health treatment, AOD (Alcohol and Other Drugs) treatment, and NA (Narcotics Anonymous) and AA (Alcoholics Anonymous). I feel that in doing so in addition to my sobriety plan will provide a pathway to lifelong recovery and show me a better way to live and be a productive member of society.

Franklin County has chosen to grant that CBCF for the crimes similar to the ones I face here in court. Sir, all these mistakes are in part a result of my addiction and attempting to cope alone. I am asking you to consider this.

*Id.* at pp. 13-14.

**{¶12}** Appellant's statements to the trial court reveal his belief the trial court could impose probation. Under the totality of the circumstances, we find Appellant did not subjectively understand his possible sentence; therefore, his plea was not knowingly made. We further find because the trial court failed to advise Appellant by waiving the presentence investigation, he was ineligible for probation, the trial court did not substantially comply with Crim. R. 11(C).

**{¶13}** Appellant's sole assignment of error is sustained.

**{¶14}** The judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.


By: Hoffman, J.

Delaney, P.J. and

Baldwin, J. concur.