[Cite as *State v. Alvendia*, 2024-Ohio-2012.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ALESSANDRO RAPHAEL ALVENDIA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0044**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 23 CR 93

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, Belmont County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Nathan D. Boone*, Boone Law, LLC, for Defendant-Appellant.

Dated:  May 24, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Alessandro Raphael Alvendia, appeals from a Belmont County Common Pleas Court judgment convicting him of two counts of possession of fentanyl-related compounds and one count of possession of drugs, following Appellant's guilty plea. Appellant claims the trial court erred in failing to merge his two convictions for trafficking in a fentanyl-related compound, his counsel was ineffective for failing to raise the issue of merger, and the trial court failed to comply with Crim.R. 11(C)(2) when accepting his guilty plea. Because Appellant's possession of a fentanyl-related compound convictions were not subject to merger and because the trial court complied with Crim.R. 11(C)(2) in accepting Appellant's guilty plea, the trial court's judgment is affirmed.

{¶2} On April 6, 2023, a Belmont County Grand Jury indicted Appellant on: trafficking in a fentanyl-related compound, a fourth-degree felony in violation of R.C. 2925.03(A)(1)(C)(9)(c) (Count 1); and possession of a fentanyl-related compound, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(11)(b) (Count 2).

{¶3} On June 8, 2023, the grand jury indicted Appellant in a superseding indictment. Counts 1 and 2 remained the same. The superseding indictment also added: trafficking in a fentanyl-related compound, a fourth-degree felony in violation of R.C. 2925.03(A)(2)(C)(9)(c) (Count 3); possession of a fentanyl-related compound, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(11)(b) (Count 4); trafficking in cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(2)(C)(4)(a) (Count 5); and possession of cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(4)(a) (Count 6). Counts 3 through 6 included specifications for forfeiture of money in a drug case.

{¶4} The bill of particulars stated that Counts 1 and 2 stemmed from an incident on December 5, 2022. It further stated that Counts 3 through 6 stemmed from an incident on March 21, 2023.

{¶5} Appellant initially entered a not guilty plea. He then filed a request for intervention in lieu of conviction (ILC).

{¶6} Subsequently, on July 31, 2023, Appellant entered a guilty plea to Counts 2, 4, and 6. Appellant also agreed to the forfeiture specification. In exchange, Plaintiff-Appellee, the State of Ohio, agreed to a dismissal of Counts 1, 3, and 5. The trial court

accepted Appellant's guilty plea and granted his request for ILC. The court informed Appellant that a finding of guilt and sentencing were deferred pending the completion of his treatment program. The court set the matter for a review hearing.

{¶7} At his August 28, 2023 review hearing, the trial court found Appellant was noncompliant with his treatment plan due to missed appointments and three positive urine screens. The court revoked Appellant's bond and set the matter for a hearing to determine whether to terminate Appellant from ILC.

{¶8} At the September 18, 2023 hearing, Appellant admitted to the violations but asked the court not to terminate his ILC. The trial court denied his request, found Appellant guilty on Counts 2, 4, and 6, and set the matter for a sentencing hearing.

{¶9} The trial court subsequently sentenced Appellant to 16 months in prison on Count 2, 16 months on Count 4, and 10 months on Count 6. The court ordered Appellant to serve his sentences consecutively for a total of 42 months. Appellant filed a timely notice of appeal on October 25, 2023.

{¶10} Initially, we should point out that Appellant's brief does not comply with App.R. 16(A)(3) and (4), as it fails to set forth a statement of the assignments of error and a statement of the issues presented for review with references to the assignments of error. Appellant's brief does raise three separate arguments. Although not in compliance with the appellate rules, in the interest of justice, we will construe Appellant's issues as assignments of error.

{¶11} Appellant's first argument is that his two convictions for possession of a fentanyl-related compound (Count 2 and Count 4) were offenses of similar import that should have merged for sentencing. He claims the trial court committed plain error in not merging these offenses.

{¶12} Appellant did not raise the issue of merger in the trial court. But the failure to merge allied offenses of similar import constitutes plain error. *State v. Tapscott*, 2012-Ohio-4213, 978 N.E.2d 210, ¶ 49 (7th Dist.). Thus, we will review the merger issue for plain error.

{¶13} Pursuant to R.C. 2941.25:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information

may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶14} According to the Ohio Supreme Court, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts are to evaluate three separate factors: (1) the conduct; (2) the animus; and (3) the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at paragraph one of the syllabus. Moreover, pursuant to R.C. 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) *the conduct shows that the offenses were committed separately*, or (3) the conduct shows that the offenses were committed with separate animus." (Emphasis added); *Id.* at paragraph three of the syllabus.

{¶15} In this case, the original indictment alleged that Appellant committed Counts 1 and 2 on or about December 5, 2022. The superseding indictment alleged that Appellant committed Counts 3, 4, 5, and 6 on or about December 5, 2022 through March 21, 2023. The bill of particulars then stated that Counts 1 and 2 stemmed from an incident that occurred on December 5, 2022. It further stated that Counts 3 through 6 stemmed from an incident that occurred on March 21, 2023.

{¶16} Appellant pleaded guilty to Counts 2, 4, and 6. In both Count 2 and Count 4, Appellant pleaded guilty to possession of a fentanyl-related compound, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(11)(b). But these charges stemmed from two different incidents occurring over three months apart from the each other. Thus, Count 2 and Count 4 were clearly committed separately. Because they were committed separately, they were not allied offenses of similar import and were not subject to merger as Appellant asserts.

**{¶17}** Thus, Appellant's first argument is without merit and is overruled.

**{¶18}** Appellant's second argument is that his trial counsel was ineffective for failing to raise the issue of merger.

**{¶19}** To prove an allegation of ineffective assistance of counsel, the appellant must satisfy a two-prong test. First, the appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. Second, the Appellant must demonstrate that he was prejudiced by counsel's performance. *Id.* To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the trial would have been different. *Bradley* at paragraph three of the syllabus.

**{¶20}** The Appellant bears the burden of proof on the issue of counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In Ohio, a licensed attorney is presumed competent. *Id.*

**{¶21}** As discussed above, Counts 2 and 4 were not subject to merger. Presumably, Appellant's counsel was aware of this. Counsel would not be ineffective for failing to raise a merger argument here where the Counts were not subject to merger.

**{¶22}** Accordingly, Appellant's second argument is without merit and is overruled.

**{¶23}** Appellant's third and final argument is that the trial court failed to comply with Crim.R. 11(C)(2) when accepting his guilty plea. But Appellant relies on the proceedings at the hearing on the issue of whether to terminate his ILC. He does not refer at all to the change of plea hearing where he entered his guilty plea. Instead, Appellant argues the trial court was required to conduct another Crim.R. 11(C)(2) colloquy at the hearing where it terminated his ILC.

**{¶24}** First, we must consider whether the trial court complied with Crim.R. 11(C)(2) when it accepted Appellant's guilty plea.

**{¶25}** Crim.R. 11(C) states that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently, and voluntarily. *State v. Wright*, 7th Dist. Mahoning No. 09 MA 1, 2009-Ohio-

4636, ¶ 13. These advisements are typically divided into constitutional rights and non-constitutional rights. *Id.*

**{¶26}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against the defendant; (3) compulsory process to obtain witnesses in the defendant's favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *Id.*, citing Crim.R. 11(C)(2)(c). If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31.

**{¶27}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 19-26.

**{¶28}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11 mandates. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15.

**{¶29}** At Appellant's change of plea hearing, the trial court informed Appellant that by pleading guilty he was waiving his rights to a jury trial, to have the State prove his guilt beyond a reasonable doubt, to confront witnesses, to compulsory process to obtain witnesses, and to remain silent. (July 31, 2023, Tr. 14-16). Appellant indicated that he understood and waived each of these rights. (July 31, 2023, Tr. 14-16). Thus, the court strictly complied with Crim.R. 11(C)(2) as to Appellant's constitutional rights.

**{¶30}** Likewise, at Appellant's change of plea hearing the trial court informed Appellant of the nature of the charges, the maximum penalties he faced, and the possibility of community control sanctions. (July 31, 2023, Tr. 5, 11-12). The court also explained that it could proceed to sentencing but that because of the ILC, it would not be doing so. (July 31, 2023, Tr. 7-8). Thus, the trial court substantially complied with Crim.R. 11(C)(2) as to Appellant's non-constitutional rights.

**{¶31}** In sum, the trial court properly advised Appellant at his change of plea hearing.

**{¶32}** Next, we must consider if the trial court took proper actions at Appellant's ILC revocation hearing.

**{¶33}** R.C. 2951.041(F) directs how a court is to proceed if an offender who has been granted ILC fails to comply with the terms of the ILC:

> If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. *If the court determines that the offender has failed to comply with any of those terms and conditions, it may* continue the offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, *or enter a finding of guilty and impose an appropriate sanction* under Chapter 2929. of the Revised Code.

(Emphasis added). Pursuant to the statute, if the offender fails to comply with the terms and conditions of the ILC, the court may enter a finding of guilty and impose a sentence. The statute does not require the court to conduct a new plea hearing as Appellant suggests.

**{¶34}** In examining a similar situation, the Twelfth District explained:

> Crim.R. 11(C) only "mandates certain requirements with which the trial court must comply prior to accepting a guilty or no contest plea to a felony

offense." *State v. Orr*, 11th Dist. Geauga No.2008-G-2861, 2009-Ohio-5515, ¶ 23. On the other hand, R.C. 2951.041(F) provides the procedural framework that is to occur at an ILC revocation hearing.

*State v. Coffman*, 12th Dist. Butler No. CA2015-01-014, 2015-Ohio-2990, ¶ 13.

**{¶35}** As discussed above, the trial court complied with Crim.R. 11(C)(2) at Appellant's change of plea hearing before it accepted his guilty plea. And it complied with R.C. 2951.04(F) at Appellant's ILC revocation hearing. It was not required to conduct another Crim.R. 11(C)(2) colloquy at the ILC revocation hearing.

**{¶36}** Accordingly, Appellant's third argument is without merit and is overruled.

**{¶37}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 23 BE 0044

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**